IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| | 4:26-cr-00068-SMR-HCA-2 |
| vs. | |
| CORY DUANE RICHARDS, | ORDER |
| Defendant. | |

Before the Court is Defendant Cory Duane Richards's Motion for Leave and Permission to Sell Assets, filed June 16, 2026. ECF No. 46. The Government resists. ECF No. 47. Richards filed a reply. ECF No. 48. For the following reasons the Court grants the motion for permission to sell the assets.

## I.    BACKGROUND

On May 12, 2026, a grand jury in the Southern District of Iowa returned an Indictment charging Richards with one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343, 1349.  Amended Redacted Indictment, ECF No. 2-1. The Indictment charged Richards and codefendant Chad Michael Boal with conspiring to engage in a Ponzi scheme involving dozens of victims and tens of millions of dollars of loss to the victims. *Id.* ¶ 2. If convicted, Richards will be required to make mandatory restitution to victims under 18 U.S.C. § 3663A.

The Indictment also included a Notice of Forfeiture that upon conviction Richards will forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the charged offense pursuant to 18 U.S.C. §§ 981(a)(1)(C), 1956(c)(7), and 1961(1); and 28 U.S.C. § 2461(c). Amended Redacted Indictment ¶¶ 16. The Notice also provided that the forfeited property includes, but is not limited to, "[a] sum of money equal to the total

amount of gross proceeds obtained as a result of the offenses charged . . . ." *Id.* ¶ 19. Finally, the

Notice provided that if such property "as a result of any act or omission of the defendant cannot

be located upon the exercise of due diligence; has been transferred or sold to, or deposited with a

third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished

in value; or has been commingled with other property which cannot be divided without difficulty,"

then the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C.

§ 853(p).

On May 20, 2026, the Court released Richards on conditions, including that he "not transfer

or otherwise dispose of any assets without court permission, [ex]cept to allow everyday living

expenses and legal fees." Order Setting Conditions of Release ¶ 5(s), ECF No. 20.[1]

## II.    DISCUSSION

Richards seeks permission to sell the following vehicles to defray the cost of a 2025 Polaris

RZR he purchased before the return of the Indictment:

   a.    2024 Polaris RZR Sport (VIN: 3NSGAE923RG063596) in exchange for a
         lump sum of $18,000, with a confirmed buyer; and
   b.    2021 Polaris Ranger XP 1000 (VIN: 4XARRE997M8452604) in exchange
         for an anticipated lump sum of between five thousand dollars ($5,000) and
         nine thousand dollars ($9,000), with no confirmed buyer.

Def.'s Mot. ¶¶ 1– 2, ECF No. 46.

The Government resists. ECF No. 47. To safeguard assets that could be forfeited for

restitution, the Government argues, Richards should not transfer or otherwise dispose of assets

---

[1] The Court issued an Amended Order Setting Conditions of Release that did not change paragraph (s). ECF Nos. 27, 28. To date, a signed copy of the Amended Order has not been filed. If he has not already done so, the Court directs Richards to promptly return a signed version of the Amended Order Setting Conditions of Release to the United States Probation Office for filing. If Richards has returned a signed copy of the Amended Order Setting Conditions of Release, the United States Probation Office shall promptly file the same.

without Court permission except to pay for living expenses and legal fees. *Id.* at 1–2. The Government argues Richards provides no reason for selling the assets other than he was planning to sell them before the Indictment. *Id.* The Government further argues Richards does not indicate he was obligated under a contract to sell the assets or needs to sell them to make ends meet. *Id.* at 1–2. The Government is particularly concerned Richards may "fritter away the sale proceeds," given the nature of the fraud and deceit charges, Richards's refusal to provide the Court information about his employment or finances,[2] and his violation of the release conditions by speaking to a victim about the case. *Id.* at 2. In the alternative, the Government proposes that any proceeds from the sale of assets be deposited with the Clerk of Court. *Id.*

Richards replies that the Government does not identify a nexus between the alleged conduct and the assets that satisfies forfeiture requirements. Def.'s Reply 1, ECF No. 48. Richards relies on *United States v. Beltramea*, in which the Court of Appeals reversed and remanded an order of forfeiture because there was "no evidence in the record that the government met its burden to show a nexus between the property sought for forfeiture and an offense of conviction with respect to certain properties." 785 F.3d 287, 291 (8th Cir. 2015). On remand, the District Court found evidence and concluded the government established the requisite nexus, and the Court of Appeals upheld the District Court's judgment. *United States v. Beltramea*, 849 F.3d 753 (8th Cir.), *cert. denied*, 583 U.S. 849 (2017). Richards argues that if required to deposit proceeds from sales of his assets, he would not be able to use them for permissible purposes and would belie the reason for the sale, that is, to cover the purchase price of the new vehicle. Def.'s Reply 3, ECF No. 48.

---

[2] The Government notes Richards refused to provide the Court with information about his employment or finances. Gov't's Response 2, ECF No. 47. Richards responds that the decision to remain silent while without the benefit of counsel's guidance regarding questions that may relate to the alleged charges is a red herring. Def.'s Reply 2, ECF No. 48. The Court need not address the parties' positions to decide the narrow issue before the Court regarding sale of the assets.

Unlike *Beltramea*, this case is at the pre-conviction stage of the proceedings, and the Court is not determining whether Richards's assets should be forfeited. Selling two off-road vehicles to pay for a newer off-road vehicle does not squarely fall within the condition allowing transfer of assets "to allow everyday living expenses and legal fees." Order Setting Conditions of Release ¶ 5(s), ECF No. 28. Consequently, Richards was required to get the Court's permission to make the transfers. The Court recognizes trial is not set to begin until next April 2027, and the value of the vehicles may diminish between now and then. If the proceeds from the assets eventually are forfeited, waiting to sell them might result in less restitution for potential victims. Furthermore, depositing the proceeds with the Clerk of Court is an unwieldy solution.

The Court therefore **grants** the Motion for Leave and Permission to Sell Assets. ECF No. 46. Defendant Cory Duane Richards may sell the 2024 Polaris RZR Sport (VIN: 3NSGAE923RG063596) in exchange for a lump sum of $18,000, with a confirmed buyer; and Richards may sell the 2021 Polaris Ranger XP 1000 (VIN: 4XARRE997M8452604) in exchange for an anticipated lump sum of between five thousand dollars ($5,000) and nine thousand dollars ($9,000), with no confirmed buyer. Richards shall submit proof of sale of the vehicles to the Court and shall submit proof of payment of the proceeds to pay down the 2025 Polaris RZR he purchased before the Indictment. Any remaining proceedings shall be used for reasonable living expenses or legal fees.

IT IS SO ORDERED.

Dated July 1, 2026.

Helen C. Adams
U.S. Magistrate Judge